*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CLARENCE JEFFREY HUNT,

        Defendant-Appellant.

UNPUBLISHED
March 31, 2022

No. 350343
Kent Circuit Court
LC No. 18-008475-FH

AFTER REMAND

Before: SHAPIRO, P.J., and SAWYER and GLEICHER, JJ.

PER CURIAM.

This case returns to us after remand to the trial court. Following a jury trial, defendant was convicted of two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (victim under 13 years old). The trial court sentenced defendant to concurrent upward departure sentences of 14 to 22 years' imprisonment. On appeal, we affirmed defendant's convictions but remanded so that the trial court could either resentence defendant or clarify whether it intended to impose a departure sentence. After a second remand, the trial court reimposed the original sentence of 14 to 22 years' imprisonment for each conviction and articulated reasons supporting that decision. We affirm.

## I. BACKGROUND

We previously set forth the basic facts to this case:

This case arises out of the sexual assault of two victims under the age of 13, MD and ZD. The victims moved in with defendant and his then-wife, Deborah Hunt, in 2016, while their father was in prison following a conviction for fraud and their mother was either in prison or had left the United States. According to MD's testimony at trial, defendant began touching her inappropriately two or three months after she came to live with him and Mrs. Hunt, and that he started "little by little." At first, defendant touched her bra strap when hugging her goodbye in the mornings before she left for school. Things then progressed to defendant pulling

-1-

up her shirt to look at her breasts in her bra, and then to removing her bra to touch and, on one occasion, to lick her breasts. MD testified that most of the contact occurred in the garage; if it happened in the house, it was at a time when her siblings were playing outside. According to MD, defendant also had her sit on his lap and would move forward "like humping," asked her to massage his private parts, which she refused to do, offered her alcohol and cigarettes as enticements for sexual favors, and showed her cartoon pornography. MD testified that around Thanksgiving 2017, defendant put his hands under her underwear and rubbed her vagina. ZD testified that defendant touched her breasts twice, both times over her clothes.

> The defense called two of defendant's daughters and their husbands, each of whom testified primarily about defendant's movements the day before and on Thanksgiving Day, 2017. Testifying on his own behalf, defendant denied ever inappropriately touching the victims. He admitted that he would hug the girls before they left for school, but insisted he never touched them for a sexual purpose or for any type of sexual gratification. [*People v Hunt*, unpublished per curiam opinion of the Court of Appeals, issued January 28, 2019 (Docket No. 350343), pp 1-2 (footnote omitted).]

Defendant appealed his convictions and sentence. As noted, we affirmed the convictions but remanded for clarification regarding the departure sentence imposed by the trial court given the court's statement that it was sentencing defendant within the guidelines range. *Id*. at 7. At the first resentencing hearing, the trial court reimposed the original departure sentence. We vacated the August 25, 2021 judgment of resentencing, however, because it was issued when defendant's application for leave to appeal to the Supreme Court was still pending and therefore the trial court lacked subject-matter jurisdiction.[1] *People v Hunt*, unpublished order of the Court of Appeals, issued December 9, 2021 (Docket No. 350343). At the second resentencing hearing, defendant's minimum sentencing guidelines range was 36 to 88 months' imprisonment. The trial court concluded that the sentencing guidelines ranges did not adequately account for the circumstances and seriousness of the offenses, and again sentenced defendant for each conviction to a minimum of 14 years' imprisonment, which equates to 168 months.

## II. ANALYSIS

We conclude that the trial court did not abuse its discretion by imposing the upward departure sentence.[2]

---

[1] The Supreme Court denied defendant's application for leave to appeal on October 8, 2021. *People v Hunt*, ___ Mich ___ (2021) (Docket No. 162727).

[2] We review for an abuse of discretion the reasonableness of a trial court's departure sentence. See *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

Sentences must adhere to the principle of proportionality, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted). Although the sentencing guidelines are now advisory, the sentencing court still must determine the applicable guidelines and consider the guidelines when imposing a sentence. *Id*. at 351. If the trial court finds that a guideline sentence is not proportional, the court must "justify the sentence imposed in order to facilitate appellate review." *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017) (quotation marks and citation omitted). Factors relevant to whether a departure sentence is proportionate to the offense and offender include "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). The trial court must also justify the extent of the departure sentence. *Steanhouse*, 500 Mich at 476.

The trial court gave several reasons for why a sentence within the guidelines range was not proportionate. The court first found that the child complainants in this case were especially vulnerable because their parents were in prison or deported and they had suffered physical abuse from their prior caregiver. Rather than offer a safe home to the girls as their "surrogate father," the court reasoned, defendant exploited their vulnerability for his sexual pleasure. The court found defendant's behavior toward MD "particularly disturbing." MD testified that defendant offered her alcohol and cigarettes, and the trial court found by a preponderance of the evidence that on at least one occasion defendant gave MD vodka. In addition, MD testified that defendant once offered her money to "massage his private parts." The court concluded that defendant "was trying to turn a 12-year-old girl into his own private stripper, his own private sex toy." The court did not err by concluding that offense variable (OV) 10 (scored 15 points for predatory conduct), MCL 777.40(1)(a), did not adequately account for these aggravating circumstances.

The trial court also determined that OV 13, which was scored 25 points for "[t]he offense [being] part of a pattern of felonious criminal activity involving 3 or more crimes against a person," MCL 777.43(1)(C), did not sufficiently reflect the number of times defendant abused MD. MD testified that defendant would bring her into the garage to touch her breasts "every day or every other day." In general, MD described incremental and ongoing abuse to the point that defendant was referring to her as his "sex slave." The trial court did not err by concluding that the circumstances of the repeated sexual assaults were not adequately accounted for by OV 13.

As to the extent of the departure, the trial court determined that roughly doubling the maximum-minimum sentence provided by the guidelines was appropriate because there were two victims and multiple instances of sexual misconduct. The trial court considered defendant's relative lack of criminal history and also stated that it was not considering defendant's lack of

remorse. Nonetheless, the trial court was convinced that a "harsh punishment" was warranted given the circumstances and seriousness of the offenses. Based on the record before us, we see no abuse of discretion in the sentence imposed by the trial court.

Affirmed.

/s/ Douglas B. Shapiro
/s/ David H. Sawyer
/s/ Elizabeth L. Gleicher